United States District Court
for the
Southern District of Florida

| | |
|---|---|
| The Genterra Group, LLC, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 20-22402-Civ-Scola |
| | ) |
| Sanitas USA Inc., Defendant. | ) |

### Order Granting Motion for Leave to File Corrected Response in Opposition to Motion to Dismiss

This matter is before the Court upon Plaintiff The Genterra Group, LLC's motion for leave to file a corrected response in opposition to the Defendant's motion to dismiss the amended complaint. (Pl.'s Mot., ECF No. 21.) Defendant Sanitas USA Inc. has responded to the motion (Def.'s Resp., ECF No. 22) and the Plaintiff has filed a reply in further support (Pl.'s Reply, ECF No. 23). Having reviewed the record, the parties' briefing and the relevant legal authorities, the Court **grants** the motion for leave to file a corrected response (**ECF No. 21**).

### I. Background

The Plaintiff had two opposition briefs due in this case on September 3, 2020. These were the response to the Defendant's motion to strike the Plaintiff's motion for preliminary injunction and, second, the response to the motion to dismiss (ECF No. 15). However, on September 3rd, the Plaintiff filed the same document (its response to the motion to strike) twice – once in response to the motion to strike and again in response to the motion to dismiss. It is immediately apparent from the record that this was either an exceedingly poor litigation strategy or a simple mistake.

The Plaintiff explains that this was a mistake. The motion for leave to file a corrected response to the motion to dismiss explains that the mistake started when a legal assistant, who was finalizing and preparing to file the two briefs, noticed that the opposition to the motion to strike had the wrong title on the document. It was mislabeled as the opposition to the motion to dismiss. Apparently, the attempts to correct this error were not successful, which resulted in the response to the motion to strike being filed twice albeit under different file names.

The Defendant's opposition to the motion for leave to file a corrected brief identifies some gaps in the narrative provided by the Plaintiff and suggests, in essence, that the Plaintiff has lied to the Court and procured a perjured affidavit

from a legal assistant in order to fabricate this story "as a means to surreptitiously obtain an extension of time to prepare the lengthier 'correct' version of Motion to Dismiss Opposition." (ECF No. 22 at 5.)

## II. Legal Standard

To determine whether a party's failure to act resulted from excusable neglect, a Court must take account of all relevant circumstances surrounding the party's omission, including the following: (1) the danger of prejudice to the non-movant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd P'ship*, 507 U.S. 380, 395 (1993).

## III. Analysis

The Court begins its analysis by considering the waste of judicial resources occasioned by this dispute. Perhaps a more diligent attorney would make it his or her practice to review all filed documents to ensure proper filing. However, the length of the Plaintiff's delay was not inordinate and it caused no disruption to the Court at this early stage of the litigation. Indeed, no scheduling order has been entered.

The prejudice to the nonmovant is far less than the prejudice that would befall the Plaintiff if the Court agreed with the Defendant and dismissed this case. The primary prejudice to the Defendants is that they will have to redo their three-paragraph-long reply after the corrected response to the motion to dismiss is filed. The Defendant also claims to be prejudiced as a result of its choice to litigate the motion for leave to file a corrected response. While the *sine qua non* of that prejudice is the Plaintiff's negligence, it was only compounded by the Defendant's course of action.

Next, the reason for the delay was plainly within the Plaintiff's counsel's control. There is no dispute on that point and the Court's leniency with respect to this incident should not be taken as an indication of how the proceedings will be managed going forward. Counsel undoubtedly made a serious mistake. However, the good faith factor tips in favor of excusable neglect. The Defendant's argument that the Plaintiff has acted in bad faith begins with the fact that "Genterra filed its Complaint without proper jurisdictional allegations . . . ." (ECF No. 22 at 7.) This is not persuasive. As an initial matter, the defective jurisdictional allegations were corrected before the Defendant was even served with process. As a substantive matter, the Court declines to consider a *pleading deficiency* as a factor bolstering the theory that the Plaintiff attempted to commit

fraud on the Court. If the Defendant believed that the filing of an erroneous brief was an attempt to "surreptitiously obtain an extension of time," the Defendant could have called the Plaintiff the day it was filed and demanded a corrected filing on the spot instead of prolonging the process by weeks. The Court is not persuaded by the arguments of bad faith conduct.

Even accepting as true that there are gaps in the Plaintiff's explanation, the Court is not persuaded by the Defendant's suggestion that this was all a scheme to get an extra week to respond to the motion to dismiss. The suggestion that counsel for the Plaintiff would put his career and reputation on the line by lying to the Court instead of filing a routinely-granted motion for a modest extension of time is not plausible. The Defendant's theory is made even less plausible by the fact that the motion for leave to file a corrected response, which enclosed the intended brief, was filed the next day after the Defendant responded to (and raised the issue of) the erroneous brief.

### IV. Conclusion

For the foregoing reasons, the Court **grants** the Plaintiff's motion for leave to file a corrected response (**ECF No. 21**). The Plaintiff is **ordered** to file its response by no later than **October 9, 2020**, and the Defendant may file a reply in further support of its motion to dismiss within 10 days after the Plaintiff's response is filed. The Plaintiff is warned that failure to file the deadline by the response set forth herein may result in dismissal without further notice.

**Done and ordered**, at Miami, Florida, on October 6, 2020.

_____
Robert N. Scola, Jr.
United States District Judge